779 So.2d 754 (2001)
Gene W. BAYS, Jr.
v.
Michelle Suane BAYS.
No. 2000-C-1727.
Supreme Court of Louisiana.
February 21, 2001.
*755 Laurel A. Salley, Sandra S. Salley, Salley & Salley, Metairie, Counsel for Applicant.
August J. Hand, Counsel for Respondent.
JAMES C. GULOTTA, Justice Pro Tempore[*]
At issue in this case is whether the trial court was vested with authority to issue a protective order against the plaintiff ex-husband when no petition had been filed by the defendant seeking such an order. We think not and conclude that the protective order in favor of the defendant was erroneously issued.

*756 Facts and Procedural History

Plaintiff and defendant were married on May 3, 1981. There were two children born of the marriage, a daughter and a son. On May 10, 1999, the parties were divorced and were awarded joint custody of their minor children.
During the week of June 13, 1999, the plaintiff had physical custody of the couple's eleven year-old son. On June 17, 1999, the boy decided that he wanted to spend the night at his mother's house. In furtherance of his son's request, plaintiff made arrangements with the defendant for the child to be taken to his mother's house. Thereafter, he drove his son to the defendant's house. While there, an argument erupted between the parties. Both children witnessed the incident. Plaintiff attempted to end the argument by leaving the premises; however, defendant, who had been drinking, got into her car with her son and chased the plaintiff's automobile.[1] She forced plaintiff's car off the road and began to physically attack him.
Immediately after the incident, and after filing a police report, plaintiff went to the hospital for treatment of his injuries.
The next day, on June 18, 1999, the plaintiff ex-husband filed a Petition for Protective Orders pursuant to La.Rev. Stat. 46:2131 et seq. A hearing was scheduled for July 2, 1999. Defendant did not file an answer to plaintiff's petition. She neither filed any pleadings on her behalf nor filed any motions regarding the need for a protective order in her favor. Thus, the only issue before the trial court was whether plaintiff was entitled to a protective order against the defendant.
At the hearing, the trial judge heard testimony from both plaintiff and the defendant, as well as from their fifteen-year-old daughter. These witnesses testified regarding the above incident and described prior abuse within the family. In addition, the daughter testified to physical abuse directed toward her by plaintiff. After hearing the testimony, the trial judge concluded that the parties had a mutually abusive relationship. He then issued protective orders against both parties, for the benefit of each of them, pursuant to La.Rev.Stat. 46:2139, together with an order that the children be exchanged for visitation under police supervision. The trial judge further ordered that all family members seek psychological counseling and that each party pay half of the court costs and $500 in attorney's fees.[2]
Plaintiff appealed arguing that the trial judge erroneously issued a protective order against him and improperly assessed against him half of the court costs, as well as $500 in attorney's fees. He claimed that he was deprived of his procedural due process rights when the court ruled sua sponte that a protective order be issued against him.
The court of appeal found that plaintiff's failure to object to his daughter's testimony regarding instances of his abuse of her constituted "an expansion of the pleadings" and "an implied consent" to have the issue of abuse toward his daughter treated in all respects as if it had been raised by his rule to show cause. Bays v. Bays, 99-2749 (La.App. 1 Cir. 5/12/00) at 6. The court noted that under La.Rev.Stat. 46:2136A, a court may grant a protective order to bring about the cessation of abuse of any minor. The appellate court further found that because of the expansion of the issues, and because of plaintiff's failure to object to the testimony, there was no error in the *757 trial court's issuance of a protective order against the plaintiff. Id. at 7.
Regarding plaintiff's due process argument, the court of appeal ruled that La. Rev.Stat. 46:2136B allows a court to issue a protective order if the court has jurisdiction and either the parties enter into a consent agreement or "[r]easonable notice and an opportunity to be heard is given to the person against whom the order is sought sufficient to protect that person's right to due process." La.Rev.Stat. 46:2136B(2). The court further found that plaintiff was represented by counsel at the time his daughter was giving her testimony, and that counsel was given an opportunity to cross-examine the girl. Additionally, the court of appeal noted that plaintiff's verified petition requested "all general and equitable relief as provided in R.S. 46:2135 and 2136...." The court apparently reasoned that plaintiff's reference to Section 2136, which sets forth a court's authority to issue any protective order necessary to bring about the cessation of abuse of a minor child, also put plaintiff on notice that a protective order could issue against him based on allegations that he abused his daughter. For those reasons, the court concluded that plaintiff had reasonable notice and an opportunity to be heard sufficient to protect his due process rights as required under Section 2136B(2). Accordingly, the court affirmed the trial court's judgment.
We granted certiorari to determine whether the trial court was vested with authority to issue a protective order against the plaintiff ex-husband when no petition had been filed by the defendant ex-wife seeking this relief. Bays v. Bays, XXXX-XXXX (La.9/22/00), 767 So.2d 710.

Protective Order
Procedural due process safeguards a person's Constitutional rights by prohibiting the State from taking any action that might affect those rights without first providing the person with reasonable notice and an opportunity to be heard. In re A.J.F., XXXX-XXXX (La.6/30/00), 746 So.2d 47, 55, citing, In re Adoption of B.G.S., 556 So.2d 545, 549 (La.1990). These principles are well-settled in the jurisprudence and they are reiterated in the statutes at issue in this case.
The court of appeal relied on La.Rev. Stat. 46:2136 to provide the statutory support for its determination that the trial judge had the authority to issue a protective order and other relief against the plaintiff based on the allegations of abuse that his daughter stated during her testimony. The particular statutory language relied on by the court of appeal provides, in pertinent part:
A. The court may grant any protective order or approve any consent agreement to bring about a cessation of abuse of a party, any minor children, or any person alleged to be incompetent, which relief may include but is not limited to:
. . .
(4) Ordering counseling or professional medical treatment for the defendant or the abused person, or both.
B. A protective order may be rendered pursuant to this Part if the court has jurisdiction over the parties and the subject matter and either of the following occurs:
(1) The parties enter into a consent agreement.
(2) Reasonable notice and opportunity to be heard is given to the person against whom the order is sought sufficient to protect that person's right to due process....
La.Rev.Stat. 46:2136.
Although Section 2136A states that a court may grant "any" protective order necessary to bring about a cessation of abuse, this language may not be read in a vacuum. It is well settled that statutory provisions should be construed along with the remainder of the statute, and all statutes on the same subject matter should he read together and interpreted as a whole. *758 Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980).
The purpose behind the entire legislative scheme in Louisiana Revised Statutes 46:2131, et seq., is to provide relief to victims of domestic violence by establishing "a civil remedy for domestic violence which will afford the victim immediate and easily accessible protection." La.Rev.Stat. 46:2131. These remedies include temporary restraining orders, protective orders, and the imposition of penalties, such as fines and/or imprisonment, for violations of those orders. See La.Rev.Stat. 46:2135-2137. Section 2133 provides that:

[A]n adult may seek relief under this Part by filing a petition with the court alleging abuse by the defendant. Any parent, adult household member, or district attorney may seek relief on behalf of any minor child or any person alleged to be incompetent by filing a petition with the court alleging abuse by the defendant. A petitioner's right to relief under this Part shall not be affected by leaving the residence or household to avoid further abuse. (emphasis added).
La.Rev.Stat. 46:2133C
The petition must detail the facts and circumstances concerning the alleged abuse. La.Rev.Stat. 46:2134. By requiring the party seeking a protective order to file a petition specifying the allegations of abuse, the legislature has ensured that a defendant's Constitutional due process rights, particularly the right of reasonable notice, will be observed.
In this case, the only party who filed a petition specifying allegations of abuse and requesting a protective order was plaintiff. Contrary to the court of appeal's conclusion, the testimony by plaintiffs daughter and the defendant did not afford the plaintiff with reasonable notice that he could be subjected to a protective order when no petition had been filed or request made seeking a protective order against him. The only matter pending before the trial court was the plaintiff's petition for a protective order sought by plaintiff against the defendant. Plaintiff simply was not given reasonable notice of the possibility that he might be subjected to a protective order.
Additionally, we disagree with the court of appeal's conclusion that the plaintiff had an opportunity to be heard at the July 2, 1999 hearing because he had an opportunity to cross-examine his daughter concerning her allegations that he physically abused her. Procedural due process requires that a person be given a meaningful opportunity to be heard. At the hearing, plaintiff decided to limit the cross-examination of his daughter, so as not to traumatize her. He did not think an extensive cross-examination was necessary because he did not know that his actions were at issue. Plaintiff contended had he known that there was a possibility of a protective order being issued against him based on his daughter's testimony, he would have been prepared to cross-examine her and put on a defense. Thus, plaintiff did not have a meaningful opportunity to be heard.
The appellate court found that, based on the daughter's testimony, the trial judge was justified in issuing a protective order against plaintiff. However, the order was not issued for the daughter's benefit. It was for the benefit of her mother. The issue before the trial judge was not a protective order being sought against plaintiff for the abuse of his daughter, the issue was whether plaintiff was entitled to a protective order against his ex-wife.
Under these circumstances, we find that the trial judge had no authority to issue a protective order against the plaintiff. A protective order under the domestic violence assistance statutes may not be issued without the filing of a petition in compliance with La.Rev.Stat. 46:2133.

Decree
Accordingly, we reverse and set aside that part of the trial court's judgment *759 issuing a protective order against the plaintiff for the benefit of the defendant and ordering the plaintiff to pay court costs and attorneys fees. We do not disturb the remaining parts of the judgment.
REVERSED IN PART.
JOHNSON, J., concurs.
NOTES
[*] James C. Gulotta, Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon.
[1] At the time of the incident, defendant's driver's license had been suspended in connection with a DWI charge.
[2] Additionally, the trial court judgment prohibited both parties from damaging, transferring, encumbering or otherwise disposing of any community property pending a final partition. Plaintiff only seeks relief from the orders establishing a protective order against him and assessing court costs and attorneys fees against him. Accordingly we will not address the remaining orders contained in the judgment.