1SULLIVAN, Judge.
Samantha Cummings Ford appeals an award of visitation in favor of her husband, Jeffrey L. Ford, pending their divorce. For the following reasons, we reverse that portion of the judgment awarding visitation and remand for further proceedings.
Discussion of the Record
On October 19, 2000, Mrs. Ford filed a petition for divorce alleging that she and her husband were married on January 11, 2000 and separated four days later, on January 15, 2000. She further alleged that before their marriage she gave birth to a daughter, Sydnia Ford, on May 12, 1999. Because Mr. Ford was not the presumed father of the child under either La.Civ.Code art. 184 or art. 185, she requested that the trial court defer ruling on the issues of custody and support until Mr. Ford established his parental rights. She asked that the court order blood or DNA *317 tests under La.R.S. 9:396, but only in the event that Mr. Ford decided to establish paternity. In the alternative, she alleged that Mr. Ford had a history of perpetrating family violence; therefore, under the Post-Separation Family Violence Relief Act found at La.R.S. 9:361-369, he should only be entitled to supervised visitation with the child conditioned upon completion of a treatment program. She further sought a temporary restraining order (TRO) prohibiting Mr. Ford from harassing or abusing her, or communicating with her in any way, either at her residence or her employment.
On October 23, 2000, the trial court signed an order granting the TRO and ordering Mr. Ford to show cause on November 13, 2000 why the TRO should not be converted into a preliminary and/or permanent injunction. At the hearing, Mrs. Ford testified that Mr. Ford hit her with his fists and with an open hand, called her names, and threatened her life, including threatening to throw her into a septic tank while she |3was pregnant. She also testified that Mr. Ford had been taken into custody for domestic abuse two or three times. Additionally, she stated it was possible that someone else was the father of Sydnia; therefore, she would prefer that the trial court not address custody and support at that time. At that point, Mr. Ford, who was unrepresented, interjected that Mrs. Ford could have sole custody of the child, but he wanted visitation with her. In arguments after testimony, Mrs. Ford’s counsel asked that the trial court not rule on visitation and custody, but if it did so, to award only supervised visitation under La.R.S. 9:364(C).
Mr. Ford also testified, denying that he was ever abusive to Mrs. Ford. He further denied that he had any record of domestic abuse. He stated his belief that he is Sydnia’s father “[bjecause [Mrs. Ford] wasn’t messing with no one at the time, but me.” He recommended blood tests to determine paternity, but also stated that as long as the child had his name, he would provide for her. In his argument to the trial court, he objected to supervised visitation because he was not a violent person, and he asked for a reciprocal injunction against Mrs. Ford. He further stated that he had been with the child since she was born.
At the close of evidence, the trial court (1) issued a preliminary injunction in favor of Mrs. Ford; (2) denied Mr. Ford’s request for a reciprocal injunction because he had not placed that request before the court; and (3) awarded sole custody of the child to Mrs. Ford, with unsupervised visitation in favor of Mr. Ford every Saturday from 9:00 a.m. to 6:00 p.m. and on the days after Thanksgiving and Christmas.
On appeal, Mrs. Ford argues the trial court erred in awarding unsupervised visitation (1) when that issue was not before the court on that day and before blood [3or DNA tests were ordered and (2) without applying the PosNSeparation Family Violence Relief Act.
Opinion
Mrs. Ford argues that the trial court erred in awarding any visitation to Mr. Ford because he had not requested such relief in his pleadings, or alternatively, in awarding unsupervised visitation without applying the PosNSeparation Family Violence Relief Act. In the present case, the parties were before the court on a rule to show cause why Mrs. Ford’s TRO should not be converted into a preliminary or permanent injunction. Mr. Ford did not file any pleadings requesting visitation, but he did make an oral demand for visitation at the hearing.
In Creech v. Creech, 29,499, p. 6 (La.App. 2 Cir. 5/7/97); 694 So.2d 589, 592 (citation omitted), the court discussed *318 when a judgment may properly grant relief not requested in pleadings:
We recognize that a judgment rendered beyond the pleadings is a nullity. However, the trial court has discretion under La.C.C.P. art. 1154 to allow enlargement of the pleadings to conform to the evidence. Under proper circumstances, proof beyond the pleadings, even if objected to, may be admitted and considered when permission to amend the pleadings is requested and granted.
Additionally, La.Code Civ.P. art. 862 provides in part that “a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.” As we stated in Gibson v. Gibson, 592 So.2d 855, 858 (La.App. 8 Cir.1991), however: “These articles do not ... confer jurisdiction on a trial court to decide controversies which the litigants have not raised.”
In Bays v. Bays, 00-1727 (La.2/21/01); 779 So.2d 754, the supreme court found error in the granting of reciprocal protective orders, where only one party requested such relief. In Bays, only the husband filed a petition for a protective order pursuant to La.R.S. 46:2131 et seq. The trial court, however, issued the reciprocal orders after hearing testimony that the husband was abusive to the parties’ fifteen-year-old daughter. The court of appeal affirmed, finding that the father’s failure to object to the daughter’s testimony amounted to an expansion of the pleadings, particularly where the father was represented by counsel and had the opportunity to cross-examine the daughter. The supreme court disagreed with this reasoning, finding that the father was deprived of a meaningful opportunity to be heard on the claim against him. The supreme court concluded that the father was not afforded reasonable notice that he could be subjected to a protective order, notwithstanding the daughter’s testimony, where the only matter before the court was the father’s petition for relief.
In the present case, the parties were before the court on a rule to show cause why the TRO should not be converted into a preliminary or permanent injunction. Mrs. Ford’s testimony about Mr. Ford’s alleged abuse was offered in connection with this purpose and not with her allegations under the Post-Separation Family Violence Relief Act. Had Mrs. Ford prevailed on that claim, Mr. Ford would have only been entitled to supervised visitation upon completion of a treatment program. La.R.S. 9:364(C). However, the pleadings did not place the issue of visitation before the court, and Mr. Ford did not make his oral request until after Mrs. Ford testified in support of the TRO. We find that Mr. Ford’s oral request did not give Mrs. Ford | Ssufficient notice that her claim under the Post-Separation Family Violence Act would be tried that day.
The instant case is similar to Gibson, 592 So.2d 855, where we found error in an award of permanent alimony in the absence of a request for such relief. Noting that an award of permanent alimony required proof of freedom from fault and of insufficient means for support, we found that, while fault was litigated without objection, “the question of [the wife’s] means was only glossed upon and was not fully litigated, preventing adequate consideration of [her] entitlement to alimony.” Id. at 858. In the instant case, Mrs. Ford’s allegations under the PosU-Separation Family Violence Relief Act were not fully litigated, and until then, an award of visitation in favor of Mr. Ford is premature.
*319 Decree
For the above reasons, that portion of the trial court judgment awarding Mr. Ford visitation is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to Jeffrey L. Ford.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.