958 So.2d 740 (2007)
Ashleigh BRANSTETTER
v.
Ajay PUROHIT.
No. 2006-CA-1435.
Court of Appeal of Louisiana, Fourth Circuit.
May 2, 2007.
Joan L. Miller, Project SAVE, New Orleans, LA, for Plaintiff/Appellee.
Eric A. Bopp, Walter R. Woodruff, Jr., Edward S. Bopp  A Law Corporation, Mandeville, LA, for Defendant/Appellant.
(Court composed of Judge DENNIS R. BAGNERIS Sr., Judge MAX N. TOBIAS Jr., Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Relevant Facts
On May 5, 2005, Ashley Branstetter ("Ms. Branstetter") filed a Petition for Protection from Abuse against Ajay Purohit ("Mr. Purohit"), alleging that Mr. Purohit, a complete stranger who formerly lived in her apartment building, was stalking her.[1] On May 5, 2005, a temporary restraining order was issued against Mr. Purohit and the matter was set for hearing on a rule to show cause. Before testimony began at the May 25, 2005 hearing, the parties agreed to enter into a consent judgment, which was read into the record in open court but not reduced to writing. *742 Pursuant to this agreement, the court issued a civil injunction in accordance with the provisions of Louisiana Code of Civil Procedure article 3601 et seq., prohibiting Mr. Purohit from abusing, harassing, and/or contacting Ms. Branstetter in any way. The court warned Mr. Purohit that there would be serious consequences if he violated the injunction. By consent of the parties, the injunction was not forwarded to the Louisiana Protective Order Registry.
On January 15, 2006, despite the civil injunction prohibiting any communication with Ms. Branstetter, Mr. Purohit sent her an email message. As a result, on May 10, 2006, Ms. Branstetter filed a rule to show cause why Mr. Purohit should not be held in contempt of court. The hearing on the Rule for Contempt was held on June 21, 2006. Mr. Purohit did not request a jury trial.
Ms. Branstetter, Officer Baehr of NOPD, who initially investigated Ms. Branstetter's complaint, and Dr. Jason Coe, who had been treating Mr. Purohit for the previous 2 weeks, testified at the hearing. Dr. Coe testified that, in his opinion, Mr. Purohit's action in sending the email was not done "intentionally, deliberately, or purposely . . . but was motivated by a `friendly impulse.'" Ms. Branstetter testified that she was "scared to death" of Mr. Purohit and orally requested that the court issue a registered Louisiana Protective Order against him.
Both parties filed post-trial briefs. In her brief, Ms. Branstetter argued that although she initially agreed that the civil injunction would not be forwarded to the Louisiana Protective Order Registry, Mr. Purohit's violation of the injunction mandates that the existing injunction be modified and reissued as a registered protective order. In his brief, Mr. Purohit argued that the original allegations of 2005 had been compromised and settled by consent of the parties and, by consent, a civil injunction was issued. Therefore, he argued, Ms. Branstetter was barred from seeking the conversion of the civil injunction into a registered protective order. On August 4, 2006, the court rendered its ruling and issued reasons for judgment finding in favor of Ms. Branstetter and holding Mr. Purohit in contempt of court. The court deferred sentencing, no fine was imposed, and a Louisiana Protective Order was issued and forwarded to the Louisiana Protective Order Registry. Mr. Purohit did not move for a new trial or post verdict judgment of acquittal. Mr. Purohit now appeals from this judgment.
Assignments of Error
On appeal, Mr. Purohit raises three specifications of error: (1) that the trial court erred when it undertook this "serious contempt" case without a jury, (2) that the trial court erred in converting the civil injunction into a registered protective order, without notice, violating his constitutional right to due process; and (3) that the trial court erred and abused its discretion in finding him in contempt of court because the evidence presented was insufficient to establish beyond a reasonable doubt that he willfully disobeyed the consent injunction.
Law & Analysis
 Contempt
Mr. Purohit argues the trial court abused its discretion in finding him in contempt. He further argues that court's judgment is void ab initio in light of the fact that he was not afforded his constitutional right to a trial by jury.[2] While Mr. *743 Purohit may be correct on either or both of these points, we do not rule on those issues. Rather, we note that the trial court's judgment finding contempt, without imposing either monetary sanctions or a criminal sentence, is a non-appealable interlocutory judgment.
Under Article 2083 of the Louisiana Code of Civil Procedure, only final judgments, and interlocutory judgments for which an appeal is provided by law, are appealable. La.Code Civ. Proc. Art. 2083 (West 2006). Prior to the 1999 amendments to Louisiana Code of Civil Procedure Article 1915, a contempt judgment was considered a non-appealable interlocutory decree. See, e.g., State ex rel. Hess v. Guste, 603 So.2d 196 (La.App. 4 Cir.1992). However, Article 1915 now allows the appeal of a judgment that "[i]mposes sanctions or disciplinary action pursuant to Article 191, [Article] 863, [Article] 864 or Code of Evidence Article 510(G)." La.Code Civ. Proc. Art. 1915 (West 2006). In the present matter, the trial court found Mr. Purohit in contempt for violating the civil injunction deferring sentencing and without imposing monetary sanctions. Until such time as the trial court actually imposes a criminal sentence or sanctions, there is nothing to appeal. We therefore dismiss without prejudice the portion of the appeal regarding the trial court's finding of contempt.
 Issuance of the Protective Order
Mr. Purohit also argues that the trial court abused its discretion in issuing a protective order against him and that Ms. Branstetter cannot revive her original petition for protection against abuse since the parties came to a consent agreement on the original stalking claim. Mr. Purohit further argues the issuance of the protective order violated his right of procedural due process and is, therefore, void ab initio.
The court granted Ms. Branstetter's oral request that the court issue a Louisiana Protective Order pursuant to Louisiana Revised Statute section 46:2136. The purpose behind this statute is to "provide relief to victims of domestic violence by establishing `a civil remedy for domestic violence which will afford the victim immediate and easily accessible protection.'" Bays v. Bays, 00-1727, p. 5 (La.2/21/01), 779 So.2d 754; La.Rev.Stat. § 46:2131. Section 46:2133 provides that "[A]n adult may seek relief under this Part by filing a petition with the court alleging abuse by the defendant." La.Rev.Stat. § 46:2133. The petition must detail the facts and circumstances concerning the alleged abuse. La.Rev.Stat. § 46:2134. According to the Louisiana Supreme Court, by requiring the party seeking a protective order to file a petition specifying the allegations of abuse, the legislature has ensured that a defendant's constitutional due process rights, particularly the right of reasonable notice, will be observed. Bays, p. 6, 779 So.2d at 758.
In this case, the only petition for abuse filed by Ms. Branstetter against Mr. Purohit was the May 5, 2005 petition for abuse, which was compromised and settled by the May 25, 2005 consent judgment. Therefore, the only matter pending before the court on June 21, 2006 was Ms. Branstetter's rule to show cause why Mr. Purohit *744 should not be held in contempt for violating the civil injunction. The rule to show cause on the contempt issue did not afford Mr. Purohit with reasonable notice that he could possibly be subjected to a registered protective order at the contempt hearing, especially in light of the fact that no new petition had been filed seeking a protective order against him. Under these circumstances, we find that the trial court had no authority to issue a protective order against Mr. Purohit. The law is clear that a protective order under the domestic violence assistance statutes may not be issued without the filing of a petition in compliance with Louisiana Revised Statute 46:2133.
Accordingly, we reverse and set aside that part of the trial court's judgment issuing a Registered Louisiana Protective Order against Mr. Purohit and we dismiss without prejudice the portion of the appeal regarding the trial court's interlocutory judgment of contempt.
APPEAL DISMISSED IN PART; JUDGMENT REVERSED IN PART.
NOTES
[1] The Petition specifically alleged that Mr. Purohit stalked her, sent her disturbing handwritten letters, and sent her a package full of various items, including men's underwear.
[2] At the time this matter was brought for hearing, La. R.S. 13:4611 provided that the penalty for disobeying or resisting a lawful restraining order, or preliminary or permanent injunction, was a fine of not more than one thousand dollars, or imprisonment for not more than six months, or both, which would entitle the violator to a trial by jury. In June 2006, R.S. 13:4611(A)(2) was amended on the recommendation of the Louisiana State Law Institute to reduce the penalty for contempt in order that it would not be within the serious offense classification of Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) and thus no jury trial would be required.