# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 19-327


**ERICA FAYE BETTEVY**

**VERSUS**

**JAMES A. BETTEVY**


**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2019-062
HONORABLE ERROL DAVID DESHOTELS, JR., DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and John E. Conery, Judges.


**AFFIRMED.**

**Cory P. Roy**
**Brandon J. Scott**
**Benjamin D. James**
**P.O. Box 544**
**Marksville, LA 71351**
**(318) 240-7800**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **James A. Bettevy**

**Erica Faye Bettevy**
**In Proper Person**
**1180 LeJeune Rd**
**Oakdale, LA 71463**

**EZELL, Judge.**

This case arises under the Domestic Abuse Assistance Act found in La.R.S. 46:2131 to 46:2140. James Bettevy appeals a judgment of the trial court granting a permanent order of protection in favor of his former spouse, Erica Bettevy. The issues on appeal are whether the trial court erred in admitting the entire record from a "Gwen's Law" hearing and in not dismissing the petition for protection from abuse for lack of specificity.

## FACTS

Erica filed a petition for protection from abuse by James on February 6, 2019. In her petition, Erica alleged that James stopped her in Oakdale and threatened her if she continued to proceed with the property settlement following their divorce. When she told him no, he raised a gun to shoot at her. A witness drove up behind them and called 911. Erica further alleged that this was not the first time he threatened her. She also stated she was in possession of a recording of James abusing her and her children in which he stated he would kill her and burn down her house with her in it. Erica also referred to some stalking pictures.

At the time the petition was filed, James was in the Allen Parish jail. He had been arrested for the incident that was the basis for the petition for protective order. A temporary order of protection was entered on the day the petition was filed and became effective until February 20, 2019.

Pursuant to La.R.S. 46:2135(B), a hearing was held on February 20, 2019 to determine whether a permanent protective order should be issued. At the hearing, Erica represented herself and James was represented by private counsel. The trial court noted that a "Gwen's Law" hearing concerning the incident at issue was conducted on December 3, 2018, and accepted those proceedings by reference.

Counsel for James objected to the admission of the entire proceedings. Erica also testified at the hearing for the protective order.

Following the hearing, the court held that there was sufficient evidence to grant the order of protection, which was effective until July 28, 2020. James then filed the present appeal.

## EVIDENCE

James first claims that the trial court erred in admitting the entire evidentiary record from the "Gwen's Law" hearing. He claims that this evidence goes well beyond the scope of the allegations set forth in the protective order.

We first observe that the record from the "Gwen's Law" proceeding was not part of the record on appeal. James did attach the transcript from the hearing to his brief.

Pursuant to La.Code Civ.P. art. 2132, "[a] record on appeal . . . which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court."

Clearly the record from the "Gwen's Law" proceeding was admitted into evidence by the trial court at the hearing. James has attached the transcript to his brief and bases his first assignment of error on the introduction of this evidence. James is obviously in agreement that this evidence should be part of the appellate record. Therefore, we have supplemented the appellate record pursuant to La.Code Civ.P. art. 2132 with the record from the "Gwen's Law" hearing so that we may review James's first assignment of error regarding the admissibility of the record in the protective order proceedings.

2

Under "Gwen's Law," La.Code Crim.P. art. 313, the trial court is required to conduct a contradictory hearing to determine the feasibility of granting bail to a person arrested on domestic abuse charges. *State v. Poirier*, 18-467 (La.App. 3 Cir. 7/11/18), 251 So.3d 486. If the trial court finds that there is a likelihood that the defendant would inflict further harm, bail can be denied and the defendant would stay in jail until the case is heard in court. La.Code Crim.P. art. 313(A)(4).

Pursuant to La.R.S. 46:2135(B), the allegations of abuse entitling a person to a protective order must be established by a preponderance of evidence. In issuing the temporary order of protection, for good cause shown, the trial court must consider "any and all past history of abuse, or threats thereof, in determining the existence of an immediate and present danger of abuse." La.R.S. 46:2135(A). "There is no requirement that the abuse itself be recent, immediate, or present." *Id*.

It has been held that "good cause shown" applies to both the temporary restraining order and the other protective orders. *Dvilansky v. Correu*, 16-279 (La.App. 4 Cir. 10/26/16), 204 So.3d 686, *writ denied*, 16-2081 (La. 1/9/17), 214 So.3d 871; *S.L.B. v. C.E.B.*, 17-978, 17-979, 17-980 (La.App. 4 Cir. 7/27/18), 252 So.3d 950, *writ denied*, 18-1442 (La. 11/20/18), 256 So.3d 992.

Furthermore, La.Code Evid. art. 412.4(A) provides:

> When an accused is charged with a crime involving abusive behavior against a family member, household member, or dating partner or with acts which constitute cruelty involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving assaultive behavior against a family member, household member, or dating partner or acts which constitute cruelty involving a victim who was under the age of seventeen at the time of the offense, may be admissible and may be considered for its bearing on any matter to which it is relevant, subject to the balancing test provided in Article 403.

3

Therefore, it follows that all history of abuse or threats, past and present, must be considered in proving the allegations of abuse and entitlement to a protective order. La.R.S. 46:2135(B).

After reviewing the evidence, we find that the majority of the "Gwen's Law" hearing concerned the incident in Oakdale at the intersection. The hearing was determining whether James was entitled to bail after his arrest for this incident. Erica testified about other past events at the "Gwen's Law" hearing, but the focus was not on those events. Erica's testimony at the "Gwen's Law" proceeding was very similar to her testimony at the hearing for the protective order. We find no error by the trial court in admitting the entire record of the "Gwen's Law" hearing in the proceeding for a protective order.

## LACK OF SPECIFICTY

Prior to the hearing, James sought to dismiss Erica's petition for lack of specificity concerning the allegations of abuse. Specifically, he claims that the petition fails to allege a date when the incident occurred or a specific location where the incident took place.

> The purpose behind the entire legislative scheme in Louisiana Revised Statutes 46:2131, *et seq.*, is to provide relief to victims of domestic violence by establishing "a civil remedy for domestic violence which will afford the victim immediate and easily accessible protection." LSA–R.S. 46:2131; *Bays v. Bays*, 00–1727, p. 5 (La.2/21/01), 779 So.2d 754, 758. LSA–R.S. 46:2136 permits a court to grant a protective order to prevent the possibility of family violence, provided a petition is filed requesting the order and the defendant is afforded reasonable notice consistent with due process. *Wise v. Wise*, 02–574, p. 2 (La.App. 5 Cir. 11/13/02), 833 So.2d 393, 394. The petition must detail the facts and circumstances concerning the alleged abuse. LSA–R.S. 46:2134. By requiring the party seeking a protective order to file a petition specifying the allegations of abuse, the legislature has ensured that a defendant's

4

> constitutional due process rights, particularly the right of reasonable notice, will be observed. *Bays*, p. 6, 779 So.2d at 758; *Branstetter v. Purohit*, 06–1435, p. 5 (La.App. 4 Cir. 5/2/07), 958 So.2d 740, 743.

*Fontenot v. Newcomer*, 10-1530, 10-1531, p. 2 (La.App. 3 Cir. 5/4/11), 63 So.3d 1149, 1151 (quoting *Lee v. Smith*, 08-455, p. 6 (La.App. 5 Cir. 12/16/08), 4 So.3d 100, 104).

In her petition, Erica alleged that the incident occurred in Oakdale and involved James pulling a gun on her and threatening her. She further stated that a witness came upon the scene and called 911. James was then arrested.

We agree with the trial court that there are enough details in the petition to put James on notice as to what incident was involved. There is no doubt that James knows exactly what incident was at issue. The trial court did not err in failing to dismiss the petition for lack of specificity.

For the reasons set forth in this opinion, the judgment of the trial court granting the protective order is affirmed. Costs of this appeal are assessed to James Bettevy.

**AFFIRMED.**