537 So.2d 282 (1988)
Marjory Q. Davis, Wife of E. Bradford HARPER
v.
E. Bradford HARPER.
No. 88-CA-0731.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1988.
D. Douglas Howard, Jr., Leslie A. Bonin, New Orleans, for plaintiff/appellee.
Cindy M. Harris, New Orleans, for defendant/appellant.
Before SCHOTT, C.J., and KLEES and PLOTKIN, JJ.
PLOTKIN, Judge.
The issues in this case require that we interprete the Domestic Abuse Assistance Statute, La.R.S. 46:2131 et seq. The defendant/appellant, E. Bradford Harper, urges assignments of error: (1) that plaintiff/appellee, Marjory Davis Harper's petition did not state a cause of action which justified the ex parte issuance of an order which summarily and without notice evicted him from the family home and granted his wife exclusive use of the residence and the family automobile, and (2) that the evidence was insufficient to entitle her to a preliminary injunction granting her continued exclusive use of the property.
Marjory Q. Davis and E. Bradford Harper were married in 1972. On December 3, 1987, Mrs. Harper filed a Petition for Separation (on grounds of cruel treatment) and for Domestic Abuse Assistance. Her total allegations of cruelty are:
Defendant, E. BRADFORD HARPER has a violent and uncontrollable temper and on numerous occasions, the most recent about November 25, 1987, at the family home has without provocation attempted to strike at and pull upon Plaintiff, MARJORY Q. DAVIS, WIFE OF E. BRADFORD HARPER, from the family automobile. When Plaintiff, MARJORY Q. DAVIS ... successively [sic] avoided the Defendant, E. BRADFORD HARPER'S assaults, he began to threaten her. Since that violent outburst of physical abuse, Defendant ... has continuously threatened more physical harm to the person of Plaintiff....

*283 10
Defendant, E. BRADFORD HARPER'S continued and frequent abuse of alcohol and drugs often result in violent outbursts resulting in Plaintiff ... and the minor child living in constant fear of the next uncontrollable outburst by Defendant....

11
Defendant ... constantly curses and reviles Plaintiff ... in the vilest language, often times in front of the minor child.

12
Despite Plaintiff ... pleadings that Defendant... seek help in controlling his violent temper, his alcohol and drug abuse and his general deterioration, Defendant... has steadfastly refused.

13
Defendant ... has told Plaintiff that since their son was born on January 6, 1981, not a day has gone by when he has not taken some kind of drug and drunk alcohol.
Based on these complaints the trial court issued an ex parte temporary injunction prohibiting him from use and occupancy of the matrimonial domicile and automobile as authorized by the Domestic Abuse Assistance Statute. A hearing on the preliminary injunction was scheduled.
On December 4, 1987, Mr. Harper was served and moved out of the family home. Peremptory Exceptions of No Cause/No Right of Action were filed on his behalf claiming that Mrs. Harper's petition should be dismissed because her allegations of mental cruelty do not fall within the scope of the Domestic Abuse Assistance Statute. On December 18, 1987, the trial court overruled the exceptions and immediately proceeded with the preliminary injunction hearing and held that Mrs. Harper was entitled to continued exclusive use of the matrimonial domicile pursuant to the Domestic Abuse Assistance Statute.
In order to determine whether this action falls under the ambit of the statute, we look to La.R.S. 46:2131 which states the purpose of the domestic abuse assistance act. It provides:
(t)he purpose of the Part is to recognize and address the complex legal and social problems created by domestic violence. The legislature finds that existing laws which regulate the dissolution of marriage do not adequately address problems of protecting and assisting the victims of domestic abuse. The legislature further finds that previous societal attitudes have been reflected in the policies and practices of law enforcement agencies and prosecutors which have resulted in different treatment of crimes occurring between family or household members and those occurring between strangers. It is the intent of the legislature to provide a civil remedy for domestic protection. Furthermore, it is the intent of the legislature that the official response of law enforcement agencies to cases of domestic violence shall stress the enforcement of laws to protect the victim and shall communicate the attitude that violent behavior is not excused or tolerated.
It also defines domestic abuse as follows:
`(d)omestic abuse' includes, but is not limited to physical or sexual abuse, and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family or household member against another. La.R.S. 46:2132(3)

PLEADINGS SUFFICIENCY
Mr. Harper alleges that Mrs. Harper's pleadings failed to state a prima facie case of abuse as defined by the statute. He contends that she did not allege physical or sexual abuse or violation of criminal law and that the temporary injunction should not have been issued. If this is allowed, he argues, the statute can be used by any spouse to dispatch the other spouse from the family home without a hearing on grounds of mental cruelty. Furthermore, he contends, spouses on the threshold of marital dissolution will utilize the procedure *284 while still living together to gain possession of the family home.
We note that in Mr. Harper's case this issue is technically moot because of the evidentiary hearing. However, because this important issue has not been addressed by any appellate court, we shall decide this question.
The pleadings, taken as a whole, state that Mr. Harper's conduct was assaultive. La.R.S. 14:36 defines assault as
an attempt to commit a battery or the intentional placing of another in reasonable apprehension of a battery.
Mrs. Harper's allegations that Mr. Harper attempted to strike her, pulled her from the family automobile and threatened her with physical harm constitute assault and state a cause of action under the Domestic Abuse Assistance Statute. The trial court was correct in overruling the preliminary exceptions because the allegations stated a violation of the criminal code, La.R.S. 14:38, simple assault.
We are sensitive to the possible procedural abuse by disconsolate and rancorous spouses. Pleadings utilizing this act should be examined closely by the trial judges to determine the presence of good cause, which constitutes an immediate and present danger of abuse. (La.R.S. 46:2135(A)). Trial courts may require the applicant spouse or both spouses to appear personally and further explain the allegations before awarding use and possession of specified community property to a spouse.
The absence of jurisprudence indicates that litigants have not filed baseless or spurious suits. However, should a spouse file a defective or vengeful petition which causes summary dispossession of community property, the dispossessed spouse has adequate legal remedies either by emergency appeal or damages.

EVIDENCE SUFFICIENCY
Mr. Harper alleges that Mrs. Harper failed to prove her allegations of domestic abuse by a preponderance of the evidence and that she improperly enlarged her pleadings by claiming that her husband committed a battery on November 25, 1987, which if true was only negligent touching, an exception to the Domestic Abuse Assistance Statute.
Mrs. Harper testified that she was frightened by her husband's threats. Although she testified that he had never struck her in their sixteen years of marriage, she claimed he was an unpredictable alcoholic who, when drinking, became verbally abusive and physically threatening. Mrs. Harper testified when her husband was intoxicated he "gets in a rage with me", "is very demeaning to me" and "he has raised his hand before and said, `I will belt you if you do that again."
On November 25, 1987, at 9:30 a.m. the parties agree that an incident occurred which precipitated this lawsuit. They began strenuously arguing in the house over a check missing from the checkbook. In the course of the argument, Mrs. Harper went to the car, positioned herself in the driver's seat and inserted the ignition key. The parties then began arguing over who was going to use the car.
Mrs. Harper did not allege in her petition that her husband committed a battery but at the hearing she expanded her complaints and testified that he grabbed her left arm during the confrontation. Mr. Harper described the contact as an unintentional touching which occurred when he reached for the keys. The trial court was unable to decide whether this was a battery.
In the history of this marriage during which time violent arguments occurred, Mr. Harper never battered or physically abused his wife. On the day of the incident, she consulted her attorney, who filed a detailed complaint and failed to include a battery as a cause of action. We conclude that Mrs. Harper failed to prove by a preponderance of the evidence that Mr. Harper committed a battery upon her.
We now consider whether Mr. Harper's assaultive conduct is sufficient to justify the issuance of the preliminary injunction. The purpose of the Domestic Abuse Assistance Statute is to protect and assist victims of domestic violence. Its primary goal is to *285 discourage, abate and restrain family members from inflicting physical violence upon each other. A battery, "the intentional use of force or violence upon the person of another ..." (La.R.S. 14:33), is the physical abuse proscribed by the statute. An assault is an attempt to commit a battery or the intentional placing of another in an unreasonable apprehension of a battery. (La.R.S. 14:36) The link between assault and battery is irrefutable. While assault is a lesser crime than battery, it is equally prohibited because it is based on the same qualities, i.e., violent behavior. This court has described assault as follows:
(w)ords alone may not be sufficient to constitute an assault; however, threats coupled with the present ability to carry out the threats are sufficient when one is placed in reasonable apprehension of receiving an injury. Castiglione v. Galpin, 325 So.2d 725, 726 (La.App. 4th Cir. 1976).
The Domestic Abuse Assistance Statute incorporates as a standard any offense against the person as defined by the criminal code. Thus assaultive behavior is domestic abuse.
Mr. Harper, although not a batterer, was legally assaultive. He frequently became enraged while intoxicated, raised his hand and threatened to strike his wife and beat on the door in the middle of the night, all of which placed his wife in reasonable apprehension of a battery. These acts are assaults, constitute domestic abuse and justify the issuance of the preliminary injunction.
We reject Mr. Harper's contention that his behavior is psychological abuse or normal marital discord and not therefore domestic abuse. We recognize that every marriage will occasionally experience disharmony, bickering and dissatisfaction because although marriages are made in heaven they are lived on earth subject to all of life's pressures.
The legislature intended to suppress social problems created by domestic violence through the domestic abuse act. Family arguments that do not rise to the threshold of physical or sexual abuse or violations of the criminal code are not in the ambit of the Domestic Abuse Assistance Statute. Each case must be reviewed individually. Attorneys representing domestic litigants should exercise the appropriate ethics in deciding when to utilize this act and should prevent clients from frivolously and improperly claiming that one spouse's conduct entitles the other spouse to force him or her out of the matrimonial domicile or take unfair advantage of that spouse.
We hold that the Domestic Abuse Assistance Statute is broad enough to include the assaultive conduct exhibited by Mr. Harper and to protect Mrs. Harper from this type of domestic abuse. The judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
SCHOTT, C.J., concurs with reasons.
SCHOTT, Chief Judge, concurring:
On December 3, 1987 plaintiff filed suit for separation based upon cruel treatment by her husband. In the prayer of her petition she asked for an ex parte order granting her the provisional custody of her minor child, the use and occupancy of the family home, and the exclusive use of an automobile under the provisions of R.S. 46:2135. She also asked for a temporary restraining order to prohibit defendant from jeopardizing her interest in the community property and from threatening or harming her. Finally she asked for a preliminary injunction after a hearing which was originally scheduled for December 11 and apparently rescheduled for December 18.
In the meantime, on December 14, defendant filed exceptions of no cause/no right of action in which he alleged that plaintiff's petition for separation should be dismissed because it failed to state a cause of action under the Domestic Abuse Assistance Statute. The trial court heard arguments on the exception on December 18 just before trying plaintiff's rule for preliminary injunction. On December 22 the trial court made the rule absolute and ordered the following: 1) prohibited the alienation *286 of community property, 2) enjoined the parties from harassing or threatening each other, 3) awarded the use and occupancy of the family home to plaintiff, 4) awarded the use of an automobile to plaintiff, and 5) awarded joint custody of the minor.
In his appeal from this judgment defendant assigns errors on the part of the trial court in 1) granting use of the family home to plaintiff in an ex parte order, 2) refusing to sustain his exception of no right/no cause of action, and 3) finding that plaintiff proved abuse so as to entitle her to injunctive relief under the Domestic Abuse Assistance Statute.
As to the first assignment this is now a moot question. Plaintiff was assigned to the use of the home by the ex parte order of December 3 but her occupancy under that order ceased when the court signed the judgment on December 22. The court was authorized at this point following the contradictory hearing to award occupancy of the premises under R.S. 9:308. This is the judgment appealed from. Defendant's remedy with respect to the ex parte order was to invoke the supervisory jurisdiction of this court while that order was in effect. Since that order was superseded by the December 22 judgment any discussion about the ex parte order would be academic.
Defendant's exception of no cause/no right of action was correctly overruled. Plaintiff's petition states a cause of action for separation based on cruel treatment. C.C. art. 138. The inclusion in that petition of references to the Domestic Abuse Assitance Statute and a request for ex parte relief under the act even if inappropriate or unlawful does not detract from the sufficiency of the petition with respect to the separation. The question of whether the allegations state a cause of action under the Domestic Abuse Assistance statute is simply not before us and was not properly before the trial court.
Defendant's third assignment has no merit because the preliminary injunction is not based on the Domestic Abuse Assistance statute. The assignment of the occupancy of the family home is based on R.S. 9:308. The injunction against harassing and threatening each other is supported by R.S. 9:306. The injunction against alienation of community property is authorized by C.C.P. art. 3944. In separation cases injunctive relief such as that appealed from is routinely granted under the general equity powers of the court in order to preserve stability and tranquility between the parties pending the outcome of the trial of the merits of the case.
As I read the Domestic Abuse Assistance Statute it is designed to provide a remedy to anyone, including a spouse, outside of and in addition to the provisions for separation and divorce. If plaintiff's petition had omitted all references to the Domestic Abuse Assistance Statute she could have gotten all the relief she sought except for the ex parte assignment to her of the home and car. The only possible flaw in these proceedings, if defendant's arguments had merit at all, would be the issuance of these particular ex parte orders. Defendant's a attempt to set aside these orders came too late to be considered by the trial court or this court.