TERRI F. LOVE, Judge.
 

 h Deneka Vallius seeks reversal of the trial court decision dismissing her petition
 
 *656
 
 for protection from abuse filed against her step-mother, Edna Vallius.
 

 We find that the trial court abused its discretion in dismissing the petition for protection from abuse prior to a hearing on the merits, thus depriving the parties of the opportunity to present evidence and sworn testimony. Further, we find no evidence in the record to support a finding that the petition was frivolous. Therefore, the trial court abused its discretion in casting Deneka with all costs of the proceeding and the payment of Edna’s attorneys’ fees. We reverse the trial court’s premature dismissal of the petition for protection from abuse and the award of costs and attorneys’ fees and remand this matter for further proceedings consistent with this opinion.
 

 FACTS AND PROCEDURAL HISTORY
 

 On October 22, 2009, Deneka Vallius (“Deneka”) filed a petition for protection from abuse against Edna Vallius (“Edna”). The petition alleged that Edna informed Deneka’s uncle that Edna would kill Dene-ka if Deneka removed Edna’s children from their school. The petition further stated, “[a]s I write this decree she [Edna] is at my house breaking windows and the police are there. She | ?has also threatened the lives of Risque, Denesha, Elizabeth, Areil, and Claudette Vallius.” The court granted a temporary restraining order prohibiting Edna from
 
 going
 
 near Dene-ka’s home or work. The temporary restraining order also granted Deneka temporary custody of Elizabeth, Areil, and Claudette Vallius, the children of Edna and Risque. Risque Vallius is Deneka’s father.
 

 On November 6, 2009, the trial court held a hearing on the petition for protection from abuse. The court denied the request for protection from abuse, finding Deneka misrepresented facts in the petition. The court ordered Deneka to pay all court costs and $500.00 in attorneys’ fees. The court found Deneka misrepresented herself when she sought temporary custody of Elizabeth, Areil, and Claudette and identified herself as a parent. The court also referenced documents which were filed in Jefferson Parish. However, the record does not contain a copy of any documents from Jefferson Parish. The court found that Deneka also misrepresented herself in the Jefferson Parish proceeding and referenced a telephone conversation with Commissioner Joyce from Jefferson Parish.
 

 After this finding, although Deneka was not sworn in, the court allowed Deneka to speak. Deneka explained that she received assistance from a member of the clerk of court’s office in filling out the petition for protection from abuse. Dene-ka stated that while she was filling out the form, she received a telephone call informing her that Edna had just busted out windows at Deneka’s home, where her sick father, Risque, was residing. Deneka stated that the employee from the clerk of court’s office suggested that she seek temporary custody of the children since Edna was going to be arrested for the property damage. After allowing Deneka to speak, the court again referenced the Jefferson Parish proceedings and concluded that Deneka misrepresented herself before that tribunal and did not present the 1 sJefferson Parish tribunal with the order from Orleans Parish granting her temporary custody of Elizabeth, Areil, and Claudette.
 

 The court dismissed the petition for protection from abuse with prejudice “on petitioner’s failure to prove by the appropriate standard the allegation contained in the Petition for Protection from Abuse.” The court also signed a second order that re-
 
 *657
 
 fleeted the amount of attorneys’ fees to be awarded. Deneka filed motions for appeal as to each order.
 

 STANDARD OF REVIEW
 

 Appellate courts review domestic protective orders for abuse of discretion.
 
 Culp v. Culp,
 
 42,239, p. 6 (La.App. 2 Cir. 6/20/07), 960 So.2d 1279,1282,
 
 citing Rouyea v. Rouyea,
 
 2000-2163, p. 5 (La.App. 1 Cir. 3/28/01), 808 So.2d 558, 561.
 

 DISCUSSION
 

 In this case, Deneka alleged that her stepmother, Edna, issued threats of violence against her and broke windows at Deneka’s home. Deneka filed a petition for protection from abuse pursuant to La. R.S. 46:2131,
 
 et seq.
 

 Stepparents and stepchildren are included in the definition of “family members”. La. R.S. 46:2132(4). The statute also provides that “domestic abuse includes but is not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family or household member against another.” La. R.S. 46:2132(3). Our criminal code defines an “assault” as “an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery.” La. R.S. 14:36. “Battery” is defined as “the intentional use of force or violence upon the person of another.” La. R.S. 14:33. Lastly, the criminal |4code defines “simple criminal damage to property” as “the intentional damaging of any property of another, without the consent of the owner.” La. R.S. 14:56.
 

 Clearly, Deneka stated a cause of action under La. R.S. 46:2131,
 
 et seq.
 
 Yet, the trial court failed to provide Deneka with the opportunity to prove her allegations. The trial court concluded that Deneka misrepresented her relationship to the children Elizabeth, Areil, and Claudette. The first page of the petition provides a space to list minor child(ren) and to detail the relationship of the minor children) to the petitioner. Deneka did not fill out this section. The second page of the petition lists the relationship between the Deneka and Edna as “parent, stepparent, or foster parent.” The third page contains the allegations of abuse. It is not until page four of the petition that the children are mentioned. Notably, while the petition seeks temporary custody of the children on page four, the petition lacks any reference that Deneka is the parent of the children. During the hearing, Deneka stated that while she was in the clerk’s office filling out the petition, with the assistance of an employee of the clerk of court’s office, she received a telephone call informing her that Edna broke windows at her home and that the police were called. Deneka stated that the employee suggested she seek temporary custody of the children as it was believed Edna would be arrested and Deneka’s father was sick. However, Deneka did not take the oath required by La. C.E. art. 603. While we are unable to consider her unsworn statement, the petition speaks for itself.
 

 In the petition, Deneka did seek temporary custody of the minor children Elizabeth, Areil, and Claudette. Significantly, Deneka did not identify herself as a parent in the petition on page one. The petition is a pre-printed form utilized across the entire state of Louisiana. The pre-printed form provides a section to 1 Bname children on page one. Deneka left this section blank. There is no evidence in the record that Deneka misrepresented herself as a parent. As for Deneka seeking temporary custody of the children, the record lacks evidence that the seeking of temporary custody was done in bad faith.
 

 
 *658
 
 The purpose of the statutes referenced herein is to “provide relief to victims of domestic violence by establishing a ‘civil remedy for domestic violence which will afford the victim immediate and easily accessible protection.’ ”
 
 Branstetter v. Purohit,
 
 2006-1435, p. 4 (La.App. 4 Cir. 5/2/07), 958 So.2d 740, 743. This purpose is soundly defeated by a dismissal of the petition prior to a hearing on the merits.
 

 The statute allows for modification of prior orders upon motion of a party. La. R.S. 46:2136(D). Edna filed a motion to expedite the hearing based on the temporary order granting Deneka temporary custody. Edna did not seek to modify the grant of temporary custody to Deneka, nor did the court allow Deneka the opportunity to seek modification to remove the request for temporary custody.
 

 Additionally, the trial court referenced a pleading filed in Jefferson Parish as further evidence of a misrepresentation committed by Deneka.
 
 [1]
 
 No such pleading was made a part of the record before this Court. Also, the appellant attached a police report to the appellant brief. The police report, was not introduced into evidence. “Evidence not properly and officially introduced cannot be considered, even if physically placed in the record. Documents attached to memoran-da do not constitute evidence and cannot be considered as such on appeal.”
 
 City of New Orleans v. Young,
 
 2008-0653, pp. 2-3 (La.App. 4 Cir. 11/12/08), 999 So.2d 49, 1
 
 citing Denoux v. Vessel Mgmt. Services, Inc.,
 
 2007-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88.
 

 Given the evidence before us, we find the trial court abused its discretion in dismissing the petition for protection from abuse prior to a hearing on the merits, thus depriving the parties of the opportunity to present evidence and sworn testimony.
 

 Additionally, the court cast Deneka with all costs of the proceeding and awarded attorneys’ fees in the amount of $500.00 to Edna. La. R.S. 46:2136.1 allows the court to order the non-prevailing party to pay all court costs and reasonable attorney fees of the other party if the court determines the petition was frivolous. There is no evidence in the record to support a finding that the petition was frivolous. We therefore find the trial court abused its discretion in casting Deneka with all costs of the proceeding and the payment of Edna’s attorneys’ fees.
 

 DECREE
 

 Accordingly, we reverse the trial court’s premature dismissal of the petition for protection from abuse and the award of costs and attorneys’ fees and remand this matter for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The trial court additionally referenced a conversation with Commissioner Joyce from Jefferson Parish. The content of this conversation was not disclosed during the November 6, 2009 hearing.