STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0143

AQUENTEYA Q. ROGERS

VERSUS

DARIOUS E. ROGERS

Judgment Rendered: ___SEP 2 7 2019___

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of Washington
State of Louisiana
Trial Court No. 110,811

The Honorable William J. "Rusty" Knight, Judge Presiding

* * * * *

Sean S. Cassidy
Baton Rouge, Louisiana

Attorney for Plaintiff/Appellant,
Aquenteya Q. Rogers

Darious Rogers
Bogalusa, Louisiana

In Proper Person/Appellee

* * * * *

BEFORE:   HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

LANIER, J, Concur with reasons

**PENZATO, J.**

Appellant, Aquenteya Q. Rogers, appeals the portion of the trial court's judgment casting her with half the costs of the proceedings following denial of her petition for protection from stalking or sexual assault against Appellee, Darious E. Rogers. For the reasons that follow, we amend the trial court's judgment to vacate that portion of the judgment that assessed costs against Ms. Rogers.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of an incident that occurred on April 15, 2017, whereby Ms. Rogers claimed that she was sexually assaulted by her second cousin, Darious Rogers, and that she was subsequently stalked by him. Ms. Rogers filed a petition for protection from stalking or sexual assault pursuant to La. R.S. 46:2171 *et seq.* or La. R.S. 46:2181 *et seq.* The Commissioner of the Twenty-Second Judicial District Court determined that Ms. Rogers failed to prove the allegations by a preponderance of the evidence. Ms. Rogers then filed an exception to the Commissioner's ruling denying her request for a protective order. The trial court held a hearing on the exception on September 25, 2017, whereby both parties presented testimony. The trial court orally noted that even after the conclusion of the testimony, it was uncertain as to what occurred on the night in question. Therefore, the trial court upheld the Commissioner's finding that no protective order was appropriate. The trial court also noted that it did not find Ms. Rogers's petition to be frivolous, but that it was not well-founded. The trial court divided the costs equally between the parties both in its oral reasons for judgment and in its October 17, 2017 signed judgment.

Ms. Rogers appealed the October 17, 2017 judgment, which this court dismissed finding that the judgment was defective and not a final judgment for the purpose of an appeal because it did not contain appropriate decretal language and did not dismiss any claims or the petition. *Rogers v. Rogers,* 2018-0239 (La. App.

2

1st Cir. 9/21/18), 2018 WL 4523930, *2. Subsequent to this court's dismissal of the original appeal, the trial court signed another judgment dated October 22, 2018, denying Ms. Rogers's petition for protection, dismissing her petition with prejudice, and casting both her and Darious Rogers equally with court costs. It is from this judgment that Ms. Rogers appeals.

## LAW AND DISCUSSION

Ms. Rogers only assigns as error that the trial court incorrectly cast her with half the court costs, even though the trial court found that her petition was not frivolous. The trial court in both oral reasons and in the October 22, 2018 judgment stated that it did not find the petition to be frivolous. Appellate courts review domestic protective orders for abuse of discretion. *Rouyea v. Rouyea*, 2000-2613 (La. App. 1st Cir. 3/28/01), 808 So. 2d 558, 561.

Louisiana Revised Statute 46:2136.1 provides:

A. All court costs, attorney fees, costs of enforcement and modifications proceedings, costs of appeals, evaluation fees, and expert witness fees incurred in maintaining or defending any proceeding concerning domestic abuse assistance in accordance with the provisions of this Part shall be paid by the perpetrator of the domestic violence, including all costs of medical and psychological care for the abused adult, or for any of the children, necessitated by the domestic violence.

B. However, if the court determines the petition was frivolous, the court may order the nonprevailing party to pay all court costs and reasonable attorney fees of the other party.

Ms. Rogers claims the judgment casting her with half the costs violates La. R.S. 46:2136.1. Absent a determination that a petition for protection for abuse is frivolous, a trial court is not authorized to assess costs of the proceedings against the petitioner. *Koerner v. Monju*, 2016-487 (La. App. 5th Cir. 2/8/17), 210 So. 3d 935, 936. Similar to the present facts, in *Koerner*, the petitioner was unable to establish by a preponderance of the evidence that she was entitled to a protective order, but the trial court cast her with costs of the proceeding. *Koerner*, 210 So. 3d

3

at 935-36. The appellate court held that absent a determination that a petition for protection from abuse is frivolous, a trial court is not authorized to assess costs of the proceedings against the petitioner. The trial court made no determination that Ms. Koerner's petition was frivolous and gave no explanation as to why it was assessing costs against her. Consequently, the trial court, absent that determination, was without authority to assess costs against Ms. Koerner. Accordingly, the appellate court amended the trial court's judgment to vacate that portion of the judgment that assessed costs against Ms. Koerner. *Koerner*, 210 So. 3d at 936.

*Vallius v. Vallius*, 2010-0870 (La. App. 4th Cir. 12/8/10), 53 So. 3d 655, involved a similar situation. In *Vallius*, the trial court dismissed the petition for protection from abuse for petitioner's failure to prove the appropriate standard regarding the allegations contained in the petition. The trial court cast the petitioner with all costs of the proceeding and awarded attorney's fees in the amount of $500.00 to the alleged perpetrator. The appellate court held that La. R.S. 46:2136.1 allows the court to order the non-prevailing party to pay all court costs and reasonable attorney's fees of the other party if the court determines the petition was frivolous. *Vallius*, 53 So. 3d at 658. The appellate court determined that there was no evidence in the record to support a finding that the petition was frivolous. Therefore, the appellate court found that the district court abused its discretion in casting petitioner with all costs of the proceeding and the payment of attorney's fees. *Vallius*, 53 So. 3d at 658.

Furthermore, in *O'Dowd v. O'Dowd*, 2011-0883 (La. App. 1st Cir. 12/21/11), 2011 WL 6752553, *3 (unpublished), this court considered La. Ch.C. art. 1570.1(B), a statute that mirrors La. R.S. 46:2136.1, and concluded that the trial court may assess court costs against a non-prevailing party only if the court determines the petition was frivolous. As there was no evidence in the record to

4

support a finding that the petition was frivolous, this court held that the trial court abused its discretion in assessing court costs against petitioner.

In the present case, there is no evidence in the record that the petition was frivolous. The trial court noted in oral reasons and in the October 22, 2018 judgment that the petition was not frivolous. Therefore, the trial court was without authority to assess court costs against Ms. Rogers. Accordingly, we amend the trial court's judgment to vacate that portion of the October 22, 2018 judgment that assessed court costs against Ms. Rogers. No appellate costs are assessed in this pauper suit.

**AMENDED, AND AS AMENDED, AFFIRMED.**

AQUENTEYA Q. ROGERS

VERSUS

DARIOUS E. ROGERS

2019 CA 0143

COURT OF APPEAL

FIRST CIRCUIT

STATE OF LOUISIANA

BEFORE: HIGGINBOTHAM, PENZATO AND LANIER, JJ.

LANIER, J., concurring.

I agree with the majority that the trial court's judgment should be amended to vacate the assessment of costs against the plaintiff; however, I believe the resulting judgment would not meet the ends of equity as set forth in La. C.C.P. art 1920. While I recognize that the defendant did not appeal the judgment in the instant case and is not entitled to relief, the amended judgment would cast the defendant, the prevailing party in this matter, with half the cost of the proceeding.

The prevailing party is not taxed with costs unless in some way he incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant. *Penton v. Schuster*, 98-1068 (La. App. 5 Cir. 3/30/99), 732 So.2d 597, 602, citing *Laughlin v. Breaux*, 515 So.2d 480, 485 (La. App. 1 Cir. 1987). The record does not show that the defendant accumulated unnecessary expenses in the instant case. I find no equitable basis or justification for assessing costs against the defendant. See *Penton* at 603.

Rather than amending only the portion of the judgment affecting the plaintiff, I would reverse and vacate the judgment in its entirety. Since the trial court found the plaintiff's petition to not be frivolous, and the defendant ultimately prevailed in the matter, it would be equitable and proper to assess no costs to either party.