CORRECTED COPY

ERICA LASSAIR ON BEHALF   *  NO. 2022-CA-0320
OF THE MINOR CHILD T.P.J.

            *

VERSUS           COURT OF APPEAL

            *

TERRANCE PAUL, SR.      FOURTH CIRCUIT

            *

            STATE OF LOUISIANA

      * * * * * * *

CONSOLIDATED WITH:     CONSOLIDATED WITH:

ERICA LASSAIR        NO. 2022-CA-0321

VERSUS

TERRENCE PAUL, SR.

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-1449/21-1615, DIVISION "E"
Honorable Eric A. Bopp,
* * * * * *
**JAMES F. MCKAY III**
**JUDGE PRO TEMPORE**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Dale N. Atkins, Judge Pro
Tempore James F. McKay III)

TIMOTHY G. McEVOY
TULANE LAW CLINIC
6329 Freret Street, Suite 130
New Orleans, Louisiana 70118
  COUNSEL FOR PLAINTIFF/APPELLANT

          **REVERSED**

         **DECEMBER 14, 2022**

Plaintiff-Appellant, Erica Lassair[1] ("Plaintiff"), appeals the January 21, 2022 ruling, which cast her with payment of court costs for her *pro se* petition for protection from abuse. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

On November 4, 2021, Plaintiff filed a *pro se* petition for protection from abuse under La. R.S. 46:2131, *et seq.,* on behalf of her 16 year old son, T.P.J.,[2] in 34th Judicial District Court for the Parish of St. Bernard, bearing Case No. 21-1449. According to the petition, Plaintiff's son was being threatened by his father, Defendant, Terrance Paul, Sr., who resides in Texas, and the father's family, who lives in Louisiana. The trial court granted an *ex parte* temporary restraining order and set the matter for hearing on November 29, 2021.

Neither Plaintiff nor Defendant appeared for the hearing on November 29, 2021. The record shows that Defendant was not served. According to Plaintiff, she appeared for the hearing, but left after court staff advised no case was set under the

---

[1] Plaintiff asserts that the case was incorrectly entitled Cassair and that her last name is Lassair.

[2] This opinion will use the initials of the minor child, rather than the full name, to protect and maintain the privacy of the minor child involved in this proceeding. *Burds v. Skidmore,* 2019-0263, p. 1, n. 1 (La. App. 4 Cir. 3/22/19), 267 So.3d 192, 193; *D.M.S. v. I.D.S.*, 2014-0364, p. 1 n.3 (La. App. 4 Cir. 3/4/15), 225 So.3d 1127, 1130.

1

name Lassair.[3] The trial court noted that Plaintiff failed to appear, dismissed the petition, and set the matter to determine court costs. The order to that effect was executed December 3, 2021, ordering Plaintiff to appear and show cause why she "should not be found in contempt and order[ed] to pay the costs of the proceeding."[4]

On December 14, 2021, Plaintiff filed another *pro se* petition for protection from abuse, assigned Case No. 21-1615.[5] The trial court issued another temporary restraining order, setting it for hearing on December 20, 2021.[6] Defendant again was not served. Plaintiff again did not appear. The trial court dismissed the case for failing to appear and ordered that Plaintiff pay court costs within ninety days. The minute entry provides that the trial court would prepare an order directing Plaintiff to pay court costs within ninety days. However, there is no written order reflecting the trial court's December 20, 2021 ruling.[7]

On December 21, 2021, Case No. 21-1615 was transferred and consolidated with Case No. 21-1449.

Plaintiff retained counsel and on December 21, 2021, filed a third petition for protection from abuse. According to Plaintiff, at the time of the filing of the third petition, she was unaware she was previously cast costs/ordered to show

---

[3] The record shows that Plaintiff accepted service of the petition showing that the matter was set for hearing on November 29, 2021.

[4] Plaintiff claims that she was never served with the order to show cause for contempt. However, the order requests service at 3305 Debouchel Blvd, Meraux, La 70075, which was the address Plaintiff listed on the petition.

[5] The allegations in the second petition are similar to the first. The allegations contained in the second and third petition are the exact same.

[6] The record shows that Plaintiff accepted service on December 15, 2021.

[7] Plaintiff claims that she was unaware of the trial court casting her with court costs on December 20, 2021, until the record for appeal was lodged with this Court.

cause because she was never served with documents/orders relating to the prior assessment of costs. The trial court denied the temporary restraining order and set January 6, 2022 for hearing. On January 5, 2021, counsel for Plaintiff requested that the matter be reset.

The matter came for hearing on January 21, 2022. At the hearing, Plaintiff's counsel noted that they were unable to serve Defendant and moved to voluntarily dismiss the petition.[8] Counsel for Plaintiff then addressed the trial court's earlier ruling, which ordered Plaintiff to pay court costs related to her first petition for protection from abuse.[9]

After hearing argument from counsel, the trial court found that the facts alleged in the petition did not rise to the level of a protective order and assessed $350.00 in court costs.[10] The trial court also noted that Plaintiff had failed to

_____

[8] The transcript provides, in part:

> MS. BALLARD [Counsel for Plaintiff]: Yes. Good morning, Your Honor. I'd like to start with case number 21-1615. My client moves to dismiss the protective order for lack of service. I discussed with you in chambers at one point how difficult it is to serve an out-of-state defendant with these forms. After that discussion with you and getting together with my client, we decided it would be a fruitless attempt once again, so we'd ask for that to be dismissed without prejudice.

As noted above, the record reflects that the cases were consolidated. However, when the trial court had the hearing on the third petition, both counsel for Plaintiff and the trial court referred to the third petition under Case No. 21-1615.

[9] The transcript provides, in pertinent part:

> MS. BALLARD: Yes. And then, Your Honor, the next case 21-1449, before my enrollment in this case, my client came before you or came to the Court, filed a TRO with the same allegations, a court date was set, and the court date passed. She did not appear. The Court cast her with cost and that she has a cost hearing as to why she should not pay cost today, and we'd like to argue that she should not be cast with costs.

[10] The transcript provides that Plaintiff's counsel presented the trial court with two cases, *Rogers v. Rogers*, 2019-0143 (La. App. 1 Cir. 9/27/19), 287 So.3d 749 and *Vallius v. Vallius*, 2010-0870 (La. App. 4 Cir. 12/8/10), 53 So.3d 655, both of which are discussed herein, as well as an article in *The Advocate*, wherein the author of the provision authorizing court costs against the petitioner allegedly stated that the law was "aimed at penalizing those who made false claims"

appear at the earlier hearing and that counsel had declined to call Plaintiff to the stand to support her allegations. The trial court stated in pertinent part:

> I'm going to find – I'm going to, for the record, I'm going to note that I thought that the allegations since they were -- the allegations that were presented and the failure of the plaintiff to appear on her given date, even though she had notice, and she had actually received the notice and knew she had a court date, whether the clerical error or not -- I don't even know that to be true since that's just pure argument, and there's no evidence in the record to suggest that. I also find that there's no evidence to suggest that the allegations that she made are, in fact, true or correct since she's, again, not willing to take the stand, even in this particular hearing, to make that determination.
>
> I found that the facts that were put into the petition did not rise to the level of a protective order, and so therefore, I'm going to assess the court costs against her in matter number 21-1449, and I'll note your objection, Counsel.[11]

This appeal follows.

## LAW AND DISCUSSION

In domestic violence cases, orders of protection are issued pursuant to La. R.S. 46:2131 *et seq*, the Domestic Abuse Assistance Act. The purpose of the statue is to "provide relief to victims of domestic violence by establishing a 'civil remedy for domestic violence which will afford the victim immediate and easily accessible

---

and "couldn't see how a judge could rule a case was frivolous when neither the petitioner nor the defendant appears." It does not appear that the referenced article was offered into evidence and is not contained in the record.

[11] The transcript indicates that costs were not assessed in relation to the third petition.

> MS. BALLARD: Do I need a notice, and do I need to do any type of dismissal for the 1449? I have the other one I need to get you the dismissal paper work on.
>
> THE COURT: And that one, I'm not going to assess costs for her dismissal on the 16 – I gave you the file.
>
> MS BALLARD: 1615?
>
> THE COURT: Yes.

protection.'" *Alfonso v. Cooper*, 2014-0145, p. 13 (La. App. 4 Cir. 7/16/14), 146 So.3d 796, 805 (citing *Vallius*, 2010-0870, p. 5, 53 So.3d at 658).

Upon good cause shown, the trial court may enter a temporary restraining order, without bond, as it deems necessary to protect from abuse the petitioner or any minor children. La. R.S. 46:2135(A); *see also Alfonso*, 2014-0145, p. 13, 146 So.3d at 805. A showing of "immediate and present danger of abuse" constitutes good cause.[12] *Id*. After a hearing, the trial court may grant a protective order "to bring about a cessation of domestic abuse as defined in [La.] R.S. 46:2132, or the threat or danger thereof, to a party, [or] any minor children." La. R.S. 46:2136(A). To obtain a protective order, the petitioner must prove his or her allegations of domestic abuse by a preponderance of the evidence. La. R.S. 46:2135(B). Also, Louisiana jurisprudence has interpreted the "good cause shown" requirement to apply to both temporary restraining orders and to other protective orders. *S.L.B. v. C.E.B.,* 2017-0978, p. 4 (La. App. 4 Cir. 7/27/18), 252 So.3d 950, 956 (citing *Dvilansky v. Correu*, 2016-0279, p. 6 (La. App. 4 Cir. 10/26/16), 204 So.3d 686, 689, and *D.M.S. v. I.D.S.*, 2014-0364, p. 15 (La. App. 4 Cir. 3/4/15), 225 So.3d 1127, 1137).

Domestic abuse "includes but is not limited to physical or sexual abuse and any offense against the person, physical or non-physical, as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family member, household member, or dating partner against another." La. R.S. 46:2132(3); *see also D.M.S. v. I.D.S.*, 2014-0364, p. 15 (La. App. 4 Cir. 3/4/15), 225 So.3d 1127, 1137. "General harassment and family arguments, if they do not

_____

[12] La. R.S. 46:2135(A) also indicates that "[t]he court shall consider any and all past history of abuse, or threats thereof, in determining the existence of an immediate and present danger of abuse. There is no requirement that the abuse itself be recent, immediate, or present."

rise to the threshold of physical or sexual abuse in violation of the criminal code, or an offense against the person, are not within the ambit of the Domestic Abuse Assistance Act." *D.M.S.,* 2014-0364, p. 15, 225 So.3d at 1137 (citing *Harper v. Harper*, 537 So.2d 282 (La. App. 4 Cir. 1988); *Lee v. Smith*, 2008-455, p. 9 (La. App. 5 Cir. 12/16/08), 4 So.3d 100, 106; *Rouyea v. Rouyea*, 2000-2613 (La. App. 1 Cir. 3/28/01), 808 So.2d 558); *see also Dvilansky v. Correu*, 2016-0279, p. 7 (La. App. 4 Cir. 10/26/16), 204 So.3d 686, 689.

An appellate court reviews domestic protective orders for an abuse of discretion. *Patterson v. Charles*, 2019-0333, p. 9 (La. App. 4 Cir. 9/11/19), 282 So.3d 1075, 1082 (citing *Rodriguez v. Claassen*, 2016-0610, p. 3 (La. App. 4 Cir. 12/21/16), 207 So.3d 490, 493; *Alfonso v. Cooper*, 2014-0145, p. 13 (La. App. 4 Cir. 7/16/14), 146 So.3d 796, 805). This Court has also applied an abuse of discretion standard regarding the trial court's assessment of costs against a petitioner in connection with a petition for protection of abuse. *See Vallius v. Vallius*, 2010-0870, p. 1, 53 So.3d at 656 (noting that the trial court abused its discretion in casting the petitioner with costs and attorneys' fees); *Rogers v. Rogers*, 2019-0143, p. 3 (La. App. 1 Cir. 9/27/19), 287 So.3d 749, 751 (noting that domestic protective orders are reviewed for an abuse of discretion prior to addressing whether the trial court incorrectly cast the petitioner with half the court costs).[13]

On appeal, Plaintiff asserts three assignments of error.[14] However, because we find the trial court erred in casting costs against Plaintiff where there is no

---

[13] *See also D.M.S.*, 2014-0364, pp. 25-26, 225 So.3d at 1143 (finding no abuse of discretion in awarding attorneys' fees against the perpetrator).

[14] Plaintiff claims (1) the trial court exceeded its authority by treating a *pro se* plaintiff's failure to appear as punishable by contempt, where the remedy for failure to appear is an involuntary dismissal; (2) the trial court's contempt proceedings were deficient and did not comply with

6

evidence in the record of frivolity, we do not directly address the remaining assignments of error.

Under the Domestic Abuse Assistance Act, abusers must pay all court costs, attorneys' fees, and other costs related to the litigation. La. R.S. 46:2136.1(A). However, a trial court may order a petitioner to pay court costs and attorneys' fees if the trial court finds the petition frivolous. La. R.S. 46:2136.1(B).

La. R.S. 46:2136.1 provides:

A. All court costs, attorney fees, costs of enforcement and modification proceedings, costs of appeal, evaluation fees, and expert witness fees incurred in maintaining or defending any proceeding concerning domestic abuse assistance in accordance with the provisions of this Part shall be paid by the perpetrator of the domestic violence, including all costs of medical and psychological care for the abused adult, or for any of the children, necessitated by the domestic violence.

B. However, *if the court determines the petition was frivolous, the court may order the nonprevailing party to pay all court costs and reasonable attorney fees of the other party*.[15]

(emphasis added). Thus, in order to cast a petitioner with costs under the statute, the trial court must determine that the petition was frivolous. *See also Koerner v. Monju*, 2016-487, p. 2 (La. App. 5 Cir. 2/8/17), 210 So.3d 935, 936 (stating that there is a "limited exception to the non-payment of costs by the petitioner in domestic abuse proceedings where the district court makes a determination that the petition was frivolous"). Additionally, Louisiana jurisprudence holds that a trial

---

Louisiana law governing contempt; and (3) the trial court erred when it cast costs on the grounds that the failure to appear and her petition failed to rise to the level of protective order where the Domestic Abuse Assistance Act only allows an assessment of costs when the petition is determined to be frivolous.

[15] In June 15, 2022, this article was amended and now states that the "[f]ailure to appear at a hearing on the petition shall not on its own constitute grounds for assessing court costs and fees against the petitioner." However, this amendment was not effective at the time of the trial court's ruling. DOMESTIC ABUSE ASSISTANCE, 2022 La. Sess. Law Serv. Act 416 (S.B. 255) (WEST).

court may not assess costs in the absence of evidence showing that the petition was frivolous. *Vallius,* 2010-0870, p. 6, 53 So.3d at 658; *Rogers*, 2019-0143, p. 5, 287 So.3d at 752.

In *Vallius,* the step-daughter petitioned for a protection order against her step-mother. A temporary restraining order was granted and temporary custody of the step-mother's children was granted to the step-daughter. The trial court denied the request for protection of abuse with prejudice "on petitioner's failure to prove by the appropriate standard the allegation contained in the Petition for Protection from Abuse." *Vallius*, 2010-0870, p. 3, 53 So.3d at 656. The trial court indicated that the step-daughter misrepresented herself as a parent to the children. The trial court also cast the step-daughter with court costs and awarded attorneys' fees of $500.00 to the step-mother. *Id*. at p. 3, 53 So.3d at 656

On appeal, this Court found the trial court erred in dismissing the petition prior to a hearing on the merits. It also found no evidence in the record that the step-daughter misrepresented her relationship to the children.[16] The Fourth Circuit found that the trial court abused its discretion in awarding costs and attorneys' fees absent evidence to support a finding that the step-daughter's petition was frivolous. The Fourth Circuit stated, in pertinent part:

_____

[16] The trial court stated, in part:

> In the petition, Deneka did seek temporary custody of the minor children Elizabeth, Areil, and Claudette. Significantly, Deneka did not identify herself as a parent in the petition on page one. The petition is a pre-printed form utilized across the entire state of Louisiana. The pre-printed form provides a section to name children on page one. Deneka left this section blank. There is no evidence in the record that Deneka misrepresented herself as a parent. As for Deneka seeking temporary custody of the children, the record lacks evidence that the seeking of temporary custody was done in bad faith.

*Vallius*, 2010-0870, pp. 4-5, 53 So.3d at 657.

> [T]he court cast Deneka [the step-daughter] with all costs of the proceeding and awarded attorneys' fees in the amount of $500.00 to Edna [the step-mother]. La. R.S. 46:2136.1 allows the court to order the non-prevailing party to pay all court costs and reasonable attorney fees of the other party if the court determines the petition was frivolous. *There is no evidence in the record to support a finding that the petition was frivolous.* We therefore find the trial court abused its discretion in casting Deneka with all costs of the proceeding and the payment of Edna's attorneys' fees.

(emphasis added). *Vallius*, 2010-0870, p. 6, 53 So.3d at 658.

In *Koerner,* 2016-487, 210 So.3d 935, the plaintiff filed a petition for protection against her former dating partner. The trial court found that the plaintiff was unable to meet her burden of proving she was entitled to relief and assessed costs of the proceeding against her. The trial court "stated no findings of fact and assigned no reason as to why it was assessing the costs" against the plaintiff. *Koerner*, 2016-487, p. 1, 210 So.3d at 936. The Fifth Circuit found that "absent a determination that a petition for protection for abuse is frivolous, a [trial] court is not authorized to assess costs of the proceedings against the petitioner." *Id*. at p. 2, 210 So.3d at 936. The *Koerner* Court found that because the trial court made no determination that the petition was frivolous nor did not give any explanation as to why it was assessing costs, the trial court lacked authority to assess costs against the plaintiff.

In *Rogers*, 2019-0143, 287 So.3d 749, the plaintiff filed a petition for protection from stalking or sexual assault. The trial court stated that it did not find the petition to be frivolous "but that it was not well-founded" and divided the costs equally between the parties. *Id*. at p. 2, 287 So.3d at 750. The First Circuit, after discussing *Koerner* and *Vallius*, concluded that because there was "no evidence in the record that the petition was frivolous" the trial court was without authority to assess court costs against the plaintiff. *Id*. at p. 5, 287 So.3d at 752.

9

While the aforementioned cases are factually distinguishable from the instant case, they establish there must be a finding of frivolousness prior to casting costs against the petitioner; there must be evidence to support that the petition was frivolous to assess costs; and the failure to meet the burden of proof to show a protective order is warranted does not equate with a finding of frivolity.

Here, in casting Plaintiff with costs, the trial court noted Plaintiff's failure to appear for the hearing despite notice; the lack of the evidence showing that her allegations in the petition were true; and that the allegations did not rise to the level of a protective order. Prior to assessing the court costs, the trial court did not make an explicit finding of frivolity. Moreover, none of the reasons articulated by the trial court are valid grounds for awarding costs and attorneys' fees against a petitioner. The failure of Plaintiff to appear does not demonstrate the petition for protection was frivolous.[17] Moreover, as stated in *Vallius* and *Rogers*, the trial court cannot award costs when there is no evidence demonstrating the petition for protection was frivolous. As acknowledged by the trial court, there was no testimony or evidence presented and thus there is no basis to show that the allegations in the petition are in fact frivolous.[18] Moreover, in awarding costs and fees based on the failure to put forth evidence essentially imposes an affirmative

---

[17] Further, as noted earlier, La. R.S. 46:2136.1 was amended in June of 2022, to provide that the failure to appear at the hearing on the petition shall not on its own constitute grounds for assessment costs and fees against the petitioner. *See* n. 15. Although it was not in effect at the time the trial court casts costs in the present case, it arguably shows that in enacting this amendment the legislature intended to prevent the casting of costs and fees against the petitioner solely for failing to appear at the hearing. Moreover, as noted by Plaintiff in her brief, La. C.C.P. art. 1672 creates the remedy of involuntary dismissal when a petitioner fails to appear for trial.

[18] It is important to note that although the trial court called attention to the fact that Plaintiff's counsel refused to call Plaintiff to testify at the January 21, 2022 hearing, it had awarded costs when Plaintiff did not appear on the hearing on her first *pro se* petition on November 21, 2021, without any evidence or testimony.

10

duty on the petitioner to prove her allegations in order to avoid a financial penalty. Additionally, as discussed in *Koerner* and *Rogers*, the fact that Plaintiff did not meet her burden of proof on a protective order such that she is entitled to relief does not necessarily establish that the action was frivolous. Furthermore, as noted by Plaintiff in her brief, prior to the trial court's imposition of costs on January 21, 2022, the trial court had already determined on two separate occasions there was good cause for issuing a temporary restraining order under the Domestic Abuse Assistance Act. There is no evidence in the record that Plaintiff filed the petition for protection for an improper purpose or that it was frivolous. Accordingly, the trial court abused its discretion in awarding costs of the proceeding against Plaintiff.

Furthermore, as noted above, the Domestic Abuse Assistance Act was enacted for the purpose of providing immediate and easily accessible relief to victims of domestic violence. *Alfonso*, 2014-0145, p. 13, 146 So.3d at 805; La. R.S. 46:2131. Awarding costs and/or fees against a petitioner because they failed to appear where there is no evidence of frivolity would potentially have a chilling effect against petitioners seeking to protect their families or themselves from domestic violence. The trial court erred in awarding the proceeding costs against Plaintiff.

## CONCLUSION

For the aforementioned reasons, we find that trial court abused its discretion and reverse the trial court's ruling, which cast Plaintiff with court costs.

**REVERSED**

11